### KEYES v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

STATUTES—REPEAL BY IMPLICATION.

　　Act 1884 entitled "An act to regulate the grade and to fix the pay or compensation of uniformed members of the fire department," etc., in cities of a certain class, and providing (chapter 234) that no compensation shall be allowed any fireman except as therein provided, does not, by implication, repeal Laws 1882, c. 410, § 519, providing for the retirement on half pay of members of the uniformed force of fire departments, since there is no conflict in the two acts.

Appeal from trial term, New York county.

Action by Edward Keyes against the city of New York to recover for additional compensation as a member of the uniformed force of the fire department. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

James M. Hunt, for appellant.

Terence Farley, for respondent.

McLAUGHLIN, J. In 1880 the plaintiff became a member of the uniformed force of the New York fire department at a salary of $800 a year. His salary was subsequently increased to $1,200 a year, which sum he was receiving on the 1st of September, 1891, when, at his request, he was permitted, under a resolution duly passed by the board of fire commissioners, to retire from active service on half pay. The commissioners were, under section 519 of chapter 410 of the Laws of 1882, authorized to pass the resolution. This section of the statute, among other things, provided that:

"The board of fire commissioners shall have the power by a unanimous vote, to retire from all service in the said fire department, or to relieve from service at fires, any officer or member of the uniformed force of the said department, who may, upon an examination by the medical officer ordered by the fire commissioners, be found to be disqualified physically or mentally, for the performance of his duties; and the said officer or member so retired from service shall receive from the said relief fund an annual allowance as pension in case of total disqualification for service, or as compensation for limited service, in case of partial disability; in every case the said board of fire commissioners to determine the circumstances thereof; and said pension or allowance so allowed to be in lieu of any salary received by such officer or member at the date of his being so relieved or retired from fire duty in said department; and the said department shall not be held liable for the payment of any claim or demand for services thereafter rendered. * * * In case of partial permanent disability caused in or induced by the actual performance of the duties of his position, or which may occur after ten years of active and continuous service in the said fire department, the officer or member so disabled shall be relieved from active service at fires, but shall remain a member of the uniformed force, subject to the rules governing such force, and to the performance of such light duties as the medical officer of the said department may certify him to be qualified to perform; and the annual allowance to be paid such officer or member shall be one-half of the annual compensation allowed as salary at the date of his being so relieved, or such less sum, in proportion to the number of officers and members so retired, as the condition of the fund will warrant."

Since the passage of the resolution the plaintiff has performed no services for the fire department. Nevertheless he claims that he should have been paid the sum of $1,200 a year since his retirement, instead of $600 a year, which he has received. He instituted this action to recover the additional compensation. The complaint was dismissed, and he has appealed.

The theory upon which the plaintiff bases his right to recover is that section 519, above referred to, was repealed by implication by chapter 234 of the Laws of 1884, which provides that:

"On and after the first day of January, 1885, the grade and pay or compensation of the uniformed force of the fire department who are firemen in all cities of this state having, according to the last census, a population exceed-

ing 800,000, shall be as follows: * * * For members of the first grade, $1,200. * * * No pay or compensation shall be allowed or paid any such fireman except as in this section provided for and declared, any other law to the contrary or otherwise notwithstanding."

The learned trial justice held that the act of 1884 did not repeal section 519, but did repeal section 442 of chapter 410 of the Laws of 1882, which section provided that:

"The salary attached to either of the following positions in the fire department shall not exceed the sum here designated as the maximum salary of such positions, when held by any persons appointed to the uniformed force of said fire department after May 29, 1880: * * * First grade at a salary of $1,000 per year."

We are satisfied, after a careful consideration of the question presented, that the view entertained by the learned trial justice of the statutes referred to is the correct one. The title of the act of 1884 indicated, it seems to us, that it was intended to repeal section 442, and not section 519. It is entitled "An act to regulate the grade and to fix the pay or compensation of uniformed members of the fire department who are firemen in all cities of this state having according to the last census a population exceeding 800,000." Section 519 did not regulate the grade or fix the compensation of firemen, but section 442 did. Section 519 simply provided that certain members might be retired from active duty at reduced pay. No such provision is contained in the act of 1884, nor is this provision hostile to, or inconsistent with, any of the terms or provisions of that act. Full force and effect can be given to section 519 and to the act of 1884. There is no conflict between the two, and both should be permitted to stand. The repeal of a statute by implication is not favored by the courts. In re Murray Hill Bank, 153 N. Y. 211, 47 N. E. 298; End. Interp. St. § 215. The rule is well settled that when, by any reasonable or fair construction, two enactments can be made to work together, and each can be made to accomplish an independent result without conflict with the other, both will be permitted to stand. In re People ex rel. Dobson, 146 N. Y. 357, 40 N. E. 988. These two enactments can be made to work together, and the manifest legislative intent can thus be carried out.

The judgment is right, and must be affirmed, with costs to the respondent. All concur.